UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE RUTER,<br><br>Plaintiff<br><br>v.<br><br>TROY BROSIOUS and CHERYL PIZL,<br><br>Defendants | CASE NO. 1:21-CV-0777 AWI SAB<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE TUOLUMNE COUNTY SUPERIOR COURT |

    Defendants removed this case from the Superior Court of Tuolumne County on May 13, 2021. See Court's Docket Doc. No. 1. Defendants assert that the basis for removal is the presence of a federal question. See id. Specifically, Defendants contend that the complaint implicates the CARES Act, 15 U.S.C. § 9058. See id.

    A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042;

1 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a
2 removed case "must be rejected if there is any doubt as to the right of removal in the first
3 instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485
4 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district
5 court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Gibson
6 v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is
7 mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see
8 California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That is, the court
9 "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a
10 party has filed a motion."  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

11      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
12 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
13 presented on the face of the plaintiff's properly pleaded complaint."  California v. United States,
14 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.
15 Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the
16 plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation
17 of avoidance of defenses which it is thought the defendant may interpose."  California, 215 F.3d at
18 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the
19 defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense
20 is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987);
21 Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v.
22 Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question
23 lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise
24 under federal law.").

25      Here, Defendants have not shown that removal was appropriate.  The complaint filed by
26 Plaintiff is an unlawful detainer action that is based entirely on state law.  As mentioned above,
27 Defendants rely on what amounts to a defense to the unlawful detainer claim based on a defense
28 under the CARES Act.  However, a defense under the CARES Act is not a legitimate basis for

1  federal question jurisdiction.  See Koy-Ghadoush v. Andreiu, 2021 U.S. Dist. LEXIS 82467, *2-
2  *3 (C.D. Cal. Apr. 28, 2021); Saso v. Genho, 2021 U.S. Dist. LEXIS 78588, *5-*7 (N.D. Cal.
3  Apr. 19, 2021); Kim v. Krietz, 2021 U.S. Dist. LEXIS 26825, *2-*4 (E.D. Cal. Feb. 10, 2021).
4  Again, the invocation of a federal defense cannot form the basis of this Court's jurisdiction.  See
5  Vaden, 129 S.Ct. at 1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215
6  F.3d at 1014.  Because there is no federal question appearing in Plaintiff's complaint, Defendants
7  have failed to invoke this Court's jurisdiction.  Remand to the Tuolumne County Superior Court is
8  appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107;
9  Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

    Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Tuolumne County.

IT IS SO ORDERED.

Dated:  May 17, 2021                          _____
                                              SENIOR DISTRICT JUDGE